# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| LAVERIS TOWNSEND SR., | ) | |
| LAVERIS TOWNSEND JR., | ) | |
| LATANYA TOWNSEND, and | ) | |
| TERRILL TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-287-TRM-CHS |
| | ) | |
| HUBERT E. HAMILTON, | ) | |
| HAMILTON COUNTY, TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.      Introduction

*Pro se* plaintiff Laveris Townsend Sr. has filed an application to proceed *in forma pauperis* [Doc. 2]. In his complaint, he names family members, Laveris Townsend Jr., LaTanya Townsend, and Terrell Townsend as co-plaintiffs. [Doc. 2].

This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Because Laveris Townsend Sr. cannot represent his family members, and because he fails to state a claim on his own behalf upon which relief can be granted, the Court **RECOMMENDS** this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

## II.     Claims Brought on Behalf of Laveris Townsend Jr., LaTanya Townsend, and Terrell Townsend

The complaint filed in this case appears to have been signed by all named plaintiffs. [*See* Doc. 2, Complaint at 3]. However, in his *in forma pauperis* application, Laveris Townsend Sr. states, "I am instituting this suit on behalf of the remaining living members of my family." [Doc. 1, *In Forma Pauperis* App. at 1]. A pro se plaintiff cannot represent anyone but himself in a lawsuit filed in a federal court. 28 U.S.C. § 1654[1]; *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("because *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause") (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d. Cir.1998)); *Watkins v. Columbus City Schs.*, No. 2:20-cv-2552, 2021 WL 485666, at *2 (Feb. 10, 2021) (holding pro se plaintiff teacher could represent himself but not seven students). Accordingly, the Court will recommend dismissal without prejudice of any claims asserted on behalf of Laveris Townsend Jr., LaTanya Townsend, and Terrell Townsend in the complaint. *See e.g., Fuller v. Heyns*, No.2:12-cv-12371, 2012 WL 2374222, at *4 (E.D. Mich. June 22, 2012) (dismissing action without prejudice to allow individual prisoners to each file his own complaint where pro se prisoner had sought to bring single action on behalf of himself and other prisoners.) Dismissal without prejudice will permit  Laveris Townsend Jr., LaTanya Townsend, and Terrell Townsend to each file his or her individual complaint.[2]

---

[1] 28 U.S.C. § 1654 provides, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

[2] Further, the instant Complaint alleges such a paucity of facts concerning any claim that might be asserted on behalf of Laveris Townsend Jr., LaTanya Townsend, or Terrell Townsend that the Complaint fails to state a claim upon which any one of them could obtain relief.

2

### III. Claims Brought by Laveris Townsend Sr. on His Own Behalf

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### B. Analysis

This action brought by Plaintiff appears to be nearly identical to the action he brought in *Townsend v. Hamilton County*, No. 1:19-cv-00275-TRM-CHS (E.D. Tenn.). This Court dismissed that action without prejudice for failure to state a claim upon initial screening under Section

1915(e)(2). [*See* No. 1:19-cv-00275-TRM-CHS, Dec. 23, 2019 Judgment Order, Dec. 23, 2019 Order adopting Report and Recommendation, and Dec. 2, 2019 Report and Recommendation.]

Plaintiff brings this current action under 42 U.S.C. § 1983 and makes the following allegations:

- Attorney Hubert Hamilton "deprived me of my right by providing a false social security number" which kept him from "receiving a worker's compensation claim before the Georgia Board of Worker's Compensation in 1998-1999." [Complaint at Page ID # 12].[3]

- This "negligence and misrepresentation by Hubert Hamilton is the first in a series of actions by 'agents' of the City of Chattanooga and *Hamilton County Government* (being licensed and practicing law in both environs) that caused me not to be able to provide money for my family and eventually lose our home." [*Id.* at Page ID # 13 (italics original)].

- Hubert Hamilton refused to return paperwork that belonged to him. [*Id.*].

- "The Townsend family problems with Hamilton County and its agents stem from a case ruled in my favor, for ineffective assistance of counsel by the Appeals Court in Knoxville." [*Id.*].

- There have been "conflicts of interest where judges should have recused themselves." [*Id.*].

There is no further detail provided about these particular allegations.

There are multiple shortcomings in this complaint. To begin, although Plaintiff has asserted a claim under 42 U.S.C. § 1983, he has failed to allege facts to show Hubert Hamilton was acting under color of law when he allegedly deprived Plaintiff of his rights—a critical requirement to bring a Section 1983 claim.

Section 1983 does provide a vehicle by which a person may recover damages for a violation of rights secured to him by federal law. *Pyles v. Raisor* , 60 F.3d 1211, 1215 (6th Cir. 1995). To make out a claim under 42 U.S.C. § 1983, a plaintiff is required to show that he has been deprived

---

[3] The Court is using the electronically assigned pagination in the Court's electronic record because Plaintiff appears to have misnumbered the pages of his Complaint.

of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997). It is well established that attorneys are not considered state actors within the meaning of Section 1983 simply because they are practicing law and are considered to be officers of the Court. *Polk Cnty v. Dodson*, 454 U.S. 312, 318 (1981); *Murray v. Williams*, No. 3:17-cv-318-TAV-DCP, 2018 WL 3636544 (E.D. Tenn. July 31, 2018). Therefore, Plaintiff fails to state a claim upon which relief can be granted against Hubert Hamilton under Section 1983.

In regard to Plaintiff's claim against Hamilton County, Plaintiff has not identified a violation of a right secured to him by federal law. Further, he has not alleged sufficient facts to show a deprivation of a right secured by federal law. He has merely made vague allegations of a conflict of interest. This complaint is so devoid of detail that it fails to give Hamilton County fair notice of what Plaintiff's claim is and the grounds upon which it rests. The claim borders on being frivolous. Plaintiff fails to state a claim upon which relief can be granted against Hamilton County under Section 1983.

These reasons alone are a sufficient basis to dismiss Laveris Townsend Sr.'s claims, but they are, by no means, the only reasons the Complaint is deficient. However, it is not the Court's duty, nor would it be appropriate, to advise Plaintiff how to state his claims. The reasons given are sufficient for dismissal.

## IV.     Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED** as moot.[4]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).